UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SINISA DJORDJEVIC, : 01 Civ. 889/01 (CSH)

    Plaintiff,

v.

SWISSAIR TRANSPORT CO., LTD.,

    Defendant.

---

### OPPOSITION OF SWISSAIR, SWISS AIR TRANSPORT CO., LTD. TO REQUEST FOR A CASE REINSTATEMENT ON COURT'S CALENDAR

Karl Wüthrich appointed by the District Courts of Bulach (Bezirksgericht Bülach) and Zurich (Bezirksgericht Zürich), Switzerland (collectively, the "Swiss Court") as definitive trustee and liquidator for Swissair, Swiss Air Transport Co., Ltd. ("Swissair"), by his United States counsel, Steptoe & Johnson LLP, files this Opposition to the Request for a Case Reinstatement on Court's Calendar and states as follows:

    1.    Plaintiff, Sinisa Djordjevic, has filed a motion seeking to reinstate this matter on the Court's docket, and requests various other inappropriate relief. If anything, the case should be dismissed as moot.

    2.    Plaintiff is appearing pro se, and his lack of representation has led to an otherwise avoidable misunderstanding. Accordingly, Swissair will seek to clarify for the Court the events which should compel the dismissal of this claim.

- 2 -

3. Defendant, Swissair, is the subject of an insolvency proceeding in Switzerland under which it is liquidating. To coordinate the disposition of its international assets, Swissair, on or about October 8, 2001, instituted an ancillary proceeding in the United States Bankruptcy Court for the Southern District of New York under 11 U.S.C. § 304.

4. On or about October 18, 2001, the Bankruptcy Court entered a preliminary injunction which, among other things, stayed all actions against Swissair (the "PIO"). The PIO is still in effect, and a copy of the currently in force version of the PIO is attached as Exhibit A.

5. On or about September 25, 2003, Plaintiff sought relief from the PIO to proceed with this action.

6. On or about October 28, 2003, the Bankruptcy Court, with the consent of Swissair, denied Plaintiff's motion based in part on Swissair's agreement to treat Plaintiff's claim as an allowed general unsecured claim in Swissair's plenary Swiss insolvency proceeding. A copy of this Order is attached as Exhibit B. The Bankruptcy Court effectuated Swissair's agreement in its order. *See* Ex. B at 2. Swissair has complied with the Order, and Plaintiff's claim is registered in the Swiss proceeding. No action was required on the part of Plaintiff. As a result, there is no legal basis for this Court to ignore the PIO, and Plaintiff must seek any relief from the Bankruptcy Court.

7. Plaintiff's confusion likely stems from the fact that at some time prior to the events described above, Plaintiff had also filed a proof of claim in Swissair's ancillary proceeding pending before the Bankruptcy Court. Because proofs of claim were not being administered as part of that proceeding, the clerk of the Bankruptcy Court requested that counsel for Swissair return the various proofs of claim that were filed.

- 3 -

8. Counsel for Swissair complied with the Clerk's directive, and returned each of the proofs of claim that the Bankruptcy Court had received, including with each a substantively identical letter. That letter took the additional step of notifying claimants that they could register claims in the Swiss proceeding. As Plaintiff had filed two substantially similar claims, he received two such letters.

9. The website to which Plaintiff and all other claimants who had filed claims in the Bankruptcy Court were referred in the letter, and which is maintained by Mr. Wuthrich, does indicate that claims must be registered by January of 2002. That deadline, however, only applied with respect to voting on the Swiss equivalent to a chapter 11 plan of reorganization. That deadline passed before Mr. Wuthrich was even aware of Plaintiff's claim.

10. In sum, Plaintiff's claim is registered, and he need take no affirmative steps, despite the return of the proof of claim filed in the U.S. ancillary proceeding. Moreover, the registering of the claim as an allowed claim effectively grants the relief sought by Plaintiff. While Swissair makes no representation as to the timing or amount of any distribution, Plaintiff's claim will be treated like all other general unsecured claims.

11. Swissair has been more than accommodating to Mr. Djordjevic in light of his *pro se* status and has agreed to the allowance of his claim. Plaintiff has no right to better treatment than any other unsecured creditor. This action is stayed by the PIO and has been rendered moot by the Bankruptcy Court's order compelling the allowance of Plaintiff's claim.

- 4 -

WHEREFORE, Swissair respectfully requests that the Court: (1) deny the "Request for a Case Reinstatement on Court's Calendar" in all respects; (2) dismiss the case; and (3) grant such other and further relief as is just and equitable.

Dated:     New York, New York
           July 23, 2004

STEPTOE & JOHNSON LLC
Attorneys for Karl Wüthrich,
Definitive Trustee and Liquidator
For Swissair

By _____
     Greg R. Yates (GY 7180)
     William Karas
     George R. Calhoun
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

- and -

CONDON & FORSYTH LLP

By _____
     Michael J. Holland (MH 8329)
A Partner of the Firm
685 Third Avenue
New York, New York 10017
(212) 490-9100

TO:    Sinisa Djordjevic
       Pro Se Plaintiff
       58-42 Catalpa Avenue
       Ridgewood, New York 11385

**EXHIBIT "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | In a Proceeding Under Section 304 of the Bankruptcy Code |
| Petition of Karl Wüthrich, as Temporary Trustee of Swissair, Swiss Air Transport Co., Ltd.; SAirGroup AG; SAirLines AG; Flightlease AG; Swisscargo AG; and Cargologic AG | Case No. 01- 42536 (SMB) |
| Debtors in a Foreign Proceeding. | |

## PRELIMINARY INJUNCTION ORDER

Upon the application of Karl Wüthrich (the "Petitioner"), as liquidator of Swissair, Swiss Air Transport Co., Ltd.; SAirGroup AG; SAirLines AG; and Flightlease AG (collectively, the "Company"); pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, Rule 65 of the Federal Rules of Civil Procedure and Sections 105 and 304 of Title 11 of the United States Code (the "Bankruptcy Code") for the entry of a preliminary injunction (the "Application"); and the Court having entered an Preliminary Injunction Order on October 18, 2001 at 11:33 a.m. (the "Preliminary Injunction Order"); the Court having extended the Preliminary Injunction Order on December 11, 2001, June 18, 2002, December 10, 2002, June 10, 2003, and December 19, 2003 and the Petitioner having given notice of the entry of the Preliminary Injunction Order and the hearing scheduled for June 15, 2004; and based on the foregoing, and the record of the hearing on June 15, 2004, and any objections having been resolved, the Court finds and concludes as follows:

The Petitioner is subject to a pending foreign proceeding(s) and that the Petitioner is the foreign representative of the Company. The stay against creditor actions entered in the foreign proceeding in favor of the Company has been extended through December 20, 2004.

Except as noted below, it appears that the commencement or continuation of any action at this time, including, without limitation, any judicial, arbitral, administrative or regulatory action or proceeding, against the Company, or any property in the United States[1] that is involved in the foreign proceeding or any proceeds thereof, and the drawing down on any letter of credit established by, on behalf or at the request of, the Company, or withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest, in excess of amounts authorized by applicable law or by the terms of the contract and any related trust or other agreement pursuant to which such letter of credit, trust, escrow, or similar arrangement has been established, should be enjoined pursuant to section 304(b) of the Bankruptcy Code and FRCP 65 to permit the Petitioner to pursue the expeditious and economical administration of the foreign estate in the pending proceeding brought under foreign law, and the relief requested will not cause hardships to the parties that are not outweighed by the benefits to the Petitioner;

Unless the injunction is continued, it appears to the Court that one or more parties may likely commence or continue the prosecution of judicial, arbitral, administrative or regulatory actions or proceedings against the Company, property in the United States that is involved in the foreign proceeding, or the proceeds thereof, and/or seek to seize, attach and/or otherwise retain assets of the Company, and/or draw upon letters of credit established by, on

---

[1] As used herein, "United States" is defined to include the fifty states and all U.S. territories and possessions.

behalf or at the request of, the Company, or withdraw from, set off against, or otherwise apply property that is the subject of any trust or escrow agreement or similar arrangement in which Company has an interest, in excess of amounts available by now or to which such parties are contractually entitled, and/or take any other action against the Company or any property of the Company in the United States that is involved in the foreign proceeding, thereby interfering with, and causing harm to, the Petitioner's efforts to administer the Company's estate pursuant to the foreign proceeding and, as a result, the Petitioner will suffer immediate and irreparable injury for which it will have no adequate remedy at law;

Unless the injunction is continued, the Petitioner will be unable to acquire sufficient information about pending and potential litigations and other claims against, and United States assets of, the Company to properly protect the interests of the Company in the United States, resulting in the further depletion of the Company's limited assets and subjecting the Company to the risk of default judgments; and

Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY

ORDERED, that, subject to the following decretal paragraphs, on or after the date hereof all persons and entities are enjoined from: (a) seizing, repossessing, attaching, transferring, relinquishing or disposing of any legal or equitable interests of Company in property (whether real or personal, tangible or intangible, choate or inchoate) in the United States on or after the date of this Order (or the proceeds of such property), including, without limitation, airplanes and related property located at airports, air travel slots, gates and receivables from airline ticket sales to third parties (all of the same located in the United States, "Company Property"); (b) commencing or continuing any action or legal proceeding in the United States (including without

limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever, but excluding (x) all actions in which the Company is fully insured including, without limitation, the cases against the Company arising out of the Flight SR 111 accident in September 1998 and (y) actions and proceedings in this Court), including by way of counterclaim, against the Company, or any Company Property that is involved in the Swiss proceedings, or taking any discovery from the Petitioner or the Company in the United States unless specifically authorized by this Court, provided however, that the Petitioner shall timely respond to informal and reasonable requests for information that are made through the Petitioners' United States counsel, Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036 to such extent as is permitted under the Swiss Debt Enforcement and Bankruptcy Act and the order of the Swiss Courts under the Swiss Enforcement and Bankruptcy Act; (c) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever, but excluding (x) all actions in which the Company is fully insured including, without limitation, the cases against the Company arising out of the Flight SR 111 accident in September 1998 and (y) actions and proceedings in this Court), or any counterclaim to create, perfect (other than acts to maintain pre-existing perfected status) or enforce any lien, attachment, garnishment, setoff or other claim against the Company, or any Company Property; (d) drawing down any letter of credit established by, on behalf or at the request of, the Company in excess of amounts authorized by applicable law or by the terms of the contract, other agreement or applicable law pursuant to which such letter of credit has been established; and (e) withdrawing from, setting off against, or

otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest in excess of amounts authorized by applicable law or by the terms of the trust, escrow or similar arrangement or applicable law; and it is further

ORDERED, that the injunction provided in this Order shall not apply to any act, action or proceeding that (a) is of a kind that would be exempted from the automatic stay pursuant to Section 362(b) of the Bankruptcy Code or (b) is protected by Section 555, 556, 559 or 560 of the Bankruptcy Code; and it is further

ORDERED, that all persons and entities in possession, custody or control of Company Property shall account for such property or its proceeds to the Petitioner upon formal demand therefor by Petitioner; and it is further

ORDERED, that all persons and entities that are beneficiaries of letters of credit established by, on behalf or at the request of, the Company or parties to any trust, deposit, swap agreement, escrow or similar arrangement in which the Company has an interest, including without limitation any deposits and/or funds held by Airlines Reporting Corporation in connection with its agreements with the Company, to: (a) provide notice to the Petitioner's United States counsel, Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036, Attn.: William Karas, Esq., of any drawdown or any letter of credit established by, on behalf or at the request of, the Company, or any withdrawal from, setoff against, or other application of property that is the subject of any trust, deposit, swap agreement or escrow agreement or similar arrangement in which the Company has an interest, together with information reasonably sufficient to permit the Petitioner to assess the propriety of such drawdown, withdrawal, setoff, or other application, including, without limitation, the date and amount of such drawdown, withdrawal, setoff, or other application, and a copy of any contract,

related trust or other agreement pursuant to which any such drawdown, withdrawal, setoff or other application was made and provide such notice and other information reasonably promptly after such action; and (b) account to the petitioner for all funds resulting from such drawdown, withdrawal, setoff or other application that is in excess of amounts authorized by applicable law or by the terms of any contract, any related trust or other agreement pursuant to which such letter of credit, trust, deposit, swap agreement, escrow, or similar arrangement has been established; and it is further

ORDERED, that every person and entity that has a claim of any nature or source against the Company and that is a party to any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever, but excluding (x) all actions in which the Company is fully insured including, without limitation, the cases against the Company arising out of the Flight SR 111 accident in September 1998 and (y) actions and proceedings in this Court) in which the Company is or was named as a party, or as a result of which a liability of the Company may be established, place the Petitioner's United States counsel Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036, Attn: William Karas, Esq. on the master service list of any such action or other legal proceeding and to take such other steps as may be necessary to ensure that such counsel receives (i) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding, and (ii) any and all correspondence or other documents circulated to parties named in the master service list; and it is further

ORDERED, with respect to any claim, action, arbitration or other proceeding which may be commenced or become known to the Petitioner in the future, or the entitlement or alleged entitlement of any beneficiary of any letter of credit established by, on behalf or at the request of, the Company, or of any party to any trust, deposit, swap agreement or escrow agreement or similar arrangement in which the Company has an interest that is identified by the Petitioner in the future (each a "Subsequent Claim");

When informed of a Subsequent Claim, counsel for the Petitioner shall serve upon the holder of such claim a copy of the Summons, the Petition and the most recent injunction order entered by the Court;

The holder of a Subsequent Claim will have twenty (20) days from service of the Summons in which to file an answer or motion with respect to the Petitioner; and

The holder of a Subsequent Claim may file a motion seeking an order of the Court vacating or modifying with respect to such Subsequent Claim the injunction entered in this proceeding. Such request shall be the subject matter of a hearing as scheduled by the Court. Otherwise, the holder of a Subsequent Claim may file objections and be heard by the Court in accordance with the terms of any Order of the Court providing for a hearing in the future on the relief sought by the Petitioner in this proceeding; and it is further

ORDERED, that notwithstanding anything herein, this Order shall be subject to that certain Order on Motion by Mr. Wuthrich for Enforcement of Preliminary Injunction, And for Authorization to Assume and Assign Certain Leases Made With Swiss Center, Inc. entered on or about April 25, 2002 amending the injunction to permit Swiss Center, Inc. to issue notices under the Leases (as defined therein), or to pursue any rights that it may have under the Lease and/or

under State Law, and all acts permitted to Swiss Center, Inc under that April 25 Order shall continue to be permitted notwithstanding anything herein; and it is further,

ORDERED, that notwithstanding anything herein, nothing in this Order shall in any respect (a) require any person or entity to take any action or commence any proceeding, or (b) prohibit or prevent any person or entity from taking any action or commencing any proceeding against the Company or the Company Property, where such action or proceeding would not be required, prohibited or prevented by the Swiss Debt Enforcement and Bankruptcy Act or orders of the Swiss Courts pursuant to the Swiss Debt Enforcement and Bankruptcy Act in connection with the Company's Swiss proceedings in effect as of the date of this Order; and it is further

ORDERED, that the Petitioner shall within ten (10) days hereof serve upon any person or entity that makes a written request therefor upon Petitioner's United States counsel, Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036 within seven (7) days of such request, a schedule of all Company Property identified by type and location; and the Petitioner shall update such schedule within five (5) business days of any material change, whether by addition (that is, any property being moved into the United States or through turnover) or deletion to the schedule (recognizing that certain Company Property, such as airplanes and cash, may move in and out of the United States in the ordinary course of the Company's business and need not be scheduled); and it is further

ORDERED, that any person or entity that makes a written request therefor upon Petitioner's United States counsel, Steptoe & Johnson LLP, 330 Connecticut Avenue, N.W., Washington, DC 20036 shall be entitled to receive from the Petitioner and the Company fifteen (15) days advance written notice of any removal, transfer, conveyance, assignment, sale, lease, pledge or other disposition (collectively, "Disposition") of Company Property (including for

purposes of clarification, any indirect Dispositions of Company Property by means of a transfer of the controlling equity interests in any member of the group of companies comprising the Company) that (a) is outside the ordinary course of business of the Company (with it being understood that any disposition subject to the supervision, approval, control or consent of the Petitioner shall be deemed "outside the ordinary course of business") or (b) concerns Company Property with a fair market value in excess of US $100,000 in the aggregate; and it is further

ORDERED, that Petitioner shall include on the master notice list in the Company's Swiss moratorium proceedings each creditor making a written request for such inclusion upon Petitioner's United States counsel Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036, Attn: Greg Yates, Esq.; and it is further

ORDERED, that this Court shall retain jurisdiction to resolve all disputes arising under or relating to this Order, including any requests for revocation or modification thereof; and it is further

ORDERED, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

ORDERED, that this Order shall be served:

by United States mail, first class postage prepaid, on or before June 30, 2004 upon the known parties-in-interest at the time of such service;

by the United States mail, first class postage prepaid, upon additional parties at such time as they are sufficiently identified; and

by publication of notice of entry of this Order in The Wall Street Journal on or before July 15, 2004; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes; and it is further

ORDERED, that this Order shall remain in effect pending determination following a hearing to consider whether it shall be continued, which hearing is scheduled to be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, New York, New York on December 16, 2004, at 10:00 a.m. (the "Return Date"); and it is further

ORDERED, that the Return Date may be adjourned with notice, in open court, and this Order shall remain in effect without further order of this Court during such period; and it is further

ORDERED, that all papers submitted for the purpose of opposing continuation of this Order after the Return Date shall be filed with the Court, with a copy to the Chambers of the Honorable Stuart M. Bernstein, and served on Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036, Attention: Greg Yates, Esq., counsel for the petitioner, so as to be received by December 9, 2004; except that the foregoing is subject to modification by the Court at any time and is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this Order prior to the Return Date.

Dated:    New York, New York
          July 13, 2004

                                        /s/  STUART M. BERNSTEIN
                                        _____
                                        Chief United States Bankruptcy Judge

Issued  9:39 A.m.

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re : | In a Proceeding Under Section 304 of the Bankruptcy Code |
| Petition of Karl Wüthrich, as Temporary Trustee of Swissair, Swiss Air Transport Co., Ltd.; SAirGroup AG; SAirLines AG; Flightlease AG; Swisscargo AG; and Cargologic AG : | Case No. 01- 42536 (SMB) |
| Debtors in a Foreign Proceeding. : | |

## ORDER DENYING APPLICATION OF CREDITOR FOR GRANTING RELIEF FROM PRELIMINARY INJUNCTION

Upon consideration of the Application of Sinisa Djordjevic ("Applicant") for [Order] Granting Relief from Preliminary Injunction (the "Application"), and the Opposition of Karl Wüthrich as definitive trustee of Swissair, Swiss Air Transport Co., Ltd. ("Swissair") and based on the foregoing, and the record of the hearing held on October 28, 2003, the Court finds and concludes as follows:

1. This Court entered an Preliminary Injunction Order on October 18, 2001 at 11:33 a.m. (the "Preliminary Injunction Order") barring persons from taking legal action against Swissair. This Court has continuously extended the Preliminary Injunction Order such that it currently remains in force and effect.

2. This Court has jurisdiction to consider the Application and venue is proper.

3. Applicant has failed to demonstrate need for relief from this Court's Preliminary Injunction.

- 2 -

    4.    Swissair has demonstrated ample cause why Applicant is not entitled to relief from the Preliminary Injunction.

NOW, THEREFORE, IT IS HEREBY

    ORDERED, that the Application is Denied; and it is further,

    ORDERED, that Swissair shall allow Applicant's claim in the Swissair liquidation proceedings as a general unsecured claim in the amount of $943.42, and shall pay such claim *pari passu* with all other general unsecured claims.

Dated:    New York, New York
            October 28, 2003

                                        /s/ STUART M. BERNSTEIN
                                        Chief United States Bankruptcy Judge

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
                   : ss.:
COUNTY OF NEW YORK )

        Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on the 23rd day of July, 2004, deponent served the within Opposition of Swissair, Swiss Air Transport Co., Ltd. to Request for a Case Reinstatement on Court's Calendar upon:

> Sinisa Djordjevic
> 58-42 Catalpa Avenue
> Apartment 1R
> Ridgewood, New York 11385

the address designated by said individual for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                              _____
                                                                  Mary Ann Rooney

Sworn to before me this
23rd day of July, 2004

_____
Notary Public

MICHAEL J. HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified in Nassau County
Commission Expires August 31, 2005